IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:21-CV-7-FL

| | | |
|---|---|---|
| DANIEL FELIX; HOMELESS CATS OF HATTERAS ISLAND, NC; and NON-PROPERTY ANIMALS OF HATTERAS ISLANDS NC, | ) ) ) ) | |
| | ) | ORDER |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUG DOUGHTIE, Sheriff in his official and individual capacity; DONAVAN RUTH, in his official and individual capacity; DARE COUNTY, NORTH CAROLINA; ROBERT OUTTEN, Dare County Attorney, in his official and individual capacity; ROBERT WOODARD, Dare County Board of Commissioner Chairman, in his official capacity and individual capacity; WALLY OVERMAN, Dare County Board of Commissioner Vice Chairman, in his official and individual capacity; ROB ROSS, Dare County Board of Commissioner, in his official capacity and individual capacity; STEVE HOUSE, Dare County Board of Commissioner, in his official capacity and individual capacity; JIM TOBIN, Dare County Board of Commissioner, in his official capacity and individual capacity; DANNY COUCH, Dare County Board of Commissioner, in his official capacity and individual capacity; ERVIN BATEMAN, Dare County Board of Commissioner, in his official capacity and individual capacity; ANDREW WOMBLE, District Attorney, in his official capacity and individual capacity; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

JEFF CRUDEN, District Attorney, in his
official capacity and individual capacity;         )
JENNIFER BLAND, District Attorney, in              )
her official capacity and individual               )
capacity; JOSH STEIN, NC Attorney                  )
General, in his official capacity and              )
individual capacity; ROY COOPER, NC                )
Governor, in his official capacity and             )
individual capacity; GOVERNOR                      )
MCCRORY, NC Governor, in his official              )
capacity and individual capacity,                  )
                                                   )
                    Defendants.                    )

This matter comes before the court on plaintiff Daniel Felix's motion for rehearing,[1]

pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. (DE 48). For the following

reasons, upon careful consideration of the motion and the record in this case, the motion is denied.

## BACKGROUND

The court summarizes the background of this case relevant to the instant motion. Plaintiff,

proceeding pro se, initiated suit on February 8, 2021. On March 15, 2021, defendants Ervin

Bateman, Danny Couch, Dare County, North Carolina, Doug Doughtie, Steve House, Robert

Outten, Wally Overman, Rob Ross, Donavan Ruth, Jim Tobin, and Robert Woodard filed motion

to dismiss. On April 16, 2021, defendants Jennifer Bland, Jeff Cruden, and Andrew Womble filed

motion to dismiss. On April 19, 2021, defendants Joshua H. Stein, Roy Cooper, and Governor

McCrory filed motion to dismiss.

On June 8, 2021, the court granted all defendants' motions to dismiss. Judgment was filed

and entered that same day. On June 18, 2021, plaintiff filed instant motion seeking a rehearing on

---

[1]     For the reasons stated in the court's order dated June 8, 2021, the court treats the instant motion as only
effective as to plaintiff Daniel Felix, rather than the other, animal plaintiffs. See Felix v. Doughtie, No. 2:21-CV-7-
FL, 2021 WL 2345252, at *3-4 (E.D.N.C. June 8, 2021). Therefore, for ease of reference, the court refers to plaintiff
in the singular to mean plaintiff Daniel Felix.

the court's order, citing Federal Rules of Civil Procedure 59 and 60.  On July 2, 2021, plaintiff

filed notice of appeal of the court's June 8, 2021, order.

## COURT'S DISCUSSION

A.      Jurisdiction

"Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of

appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal."

Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014).  "[A] district court is authorized, under the

in aid of appeal exception [to this general rule], to entertain" certain post-judgment motions "after

a party appeals the district court's judgment."  See Fobian v. Storage Tech. Corp., 164 F.3d 887,

890 (4th Cir. 1999).  Accordingly, "when a party files a timely notice of appeal followed by a

timely Rule 59 motion, the notice of appeal is tolled and does not become effective to confer

jurisdiction on the court of appeals until the entry of an order disposing of the Rule 59 motion."

United States v. Silvers, 90 F.3d 95, 98 (4th Cir. 1996); see also Fed. R. App. P. 4(a)(1) (guiding

that a "notice of appeal becomes effective to appeal a judgment or order . . . when the order

disposing of . . . [a Rule 59] motion is entered"); Griggs v. Provident Consumer Disc. Co., 459

U.S. 56, 59 (1982) ("[I]n order to prevent unnecessary appellate review, the district court was

given express authority to entertain a timely motion to alter or amend the judgment under Rule 59,

even after a notice of appeal had been filed.").

Further, the court construes plaintiff's motion as arising solely under Rule 59(e), rather

than Rule 60(b), because it was filed within 10 days of the court's final judgment and challenges

the correctness of that judgment.  See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f

a post-judgment motion is filed within 10 days of the entry of judgment and calls into question the

correctness of that judgment it should be treated as a motion under Rule 59(e) . . . ."); see also

3

Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.11 (4th Cir. 2010) (explaining that although the Federal Rules of Civil Procedure have been subsequently amended, "CODESCO remains binding precedent").

In sum, the court concludes it has jurisdiction to dispose of plaintiffs' motion, but it treats such motion as only arising under Rule 59(e).

B.      Merits

Rule 59 allows "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "[T]here are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  Id.  Finally, to qualify for the third category, the judgment and related order "must be dead wrong."  Cf. TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009).

Here, the court's review of plaintiff's motion finds only arguments which could have been raised prior to issuance of judgment, (see, e.g., Pl.'s Mot. (DE 48) at 8 (raising an emotional-harm-caused-by-animal-deaths theory of injury); id. at 14 (raising additional arguments of unconstitutional policies by Dare County Commissioner defendants)), arguments regarding novel legal theories, (see, e.g., id. at 13 (raising a legal theory of "hostile living environment")), or challenges to legal conclusions related to the judgment that the court concludes are not "dead wrong."  (See, e.g. id. at 6 (arguing that "Due Process Of Law rights guarantee these animals have

4

a right to bring a lawsuit just the same as a person"); <u>id.</u> at 11-12 (expounding further on plaintiff's theory of ongoing harm that would negate claim preclusion)). Accordingly, plaintiff's motion raises grounds beyond the scope of the remedy provided by Rule 59(e) and cannot be granted by the court.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motion. (DE 48).

SO ORDERED, this the 19th day of July, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge